NYBOE v. STERN 'et al.

(Supreme Court, Appellate Term. May 7, 1909.)

MASTER AND SERVANT (§ 101*)—INJURIES TO SERVANT—CONDITION OF APPLIANCES.

The duty imposed by law on an employer is to keep his ways and machinery in as reasonably safe a condition as a reasonably prudent man would keep them; that they shall be in an absolutely perfect condition not being required.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 171–174; Dec. Dig. § 101.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by William Nyboe against Joseph Stern and others, doing business under the firm name of Joseph Stern & Sons. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Frank V. Johnson (Thomas P. Dunphy, of counsel), for appellants. Alfred E. Ommen (A. Mitchell Leslie, of counsel), for respondent.

PER CURIAM. The action was brought under the employer's liability law. The plaintiff was a fireman in defendants' slaughterhouse. On the morning of the accident he found a written order from the chief engineer directing him to clean out a boiler. He went into the drying room with a wrench in his hand to open the valve to blow out the boiler. As he bent down to apply the wrench, a large iron cover standing against a partition near by fell forward upon his foot, causing the injury. This cover was of cast iron, 5 feet in diameter, 1½ inches thick, and weighed 1,500 pounds. The question of the plaintiff's contributory negligence was closely contested, and the case went to the jury. The court charged:

"It is the duty of an employer to see that the ways, works, and machinery are in perfect condition and to furnish a safe place for an employé to work. That is the law."

The defendants' counsel, in excepting, said:

"I take an exception to that part of your charge where you say it is the law that an employer shall keep ways, works, and machinery in perfect condition. The law imposes the duty, and I request your honor to charge the jury, in modification of that, that it is the duty imposed by law upon an employer to keep his ways, works, and machinery in a reasonably safe condition as a reasonably prudent man would keep them; that the law does not oblige him to keep them in an absolutely perfect condition.

"The Court: I charge as I did charge. You are granted an exception."

This defendants' counsel took.

The charge was error, and clearly prejudicial error. Its effect in this controversy was practically to take from the jury the question of contributory negligence, plaintiff's freedom from which he was bound to establish, and also was equivalent to a declaration that the plaintiff was negligent; for, of course, if the ways, works, and machinery had been in an absolutely perfect condition, the accident would not have happened. Under the charge it is difficult to see how the jury upon any theory could have rendered a verdict for the defendants.

The judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event.